United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS L. TUCKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASTRAZENECA<br>PHARMACEUTICALS, L.P., et al.,<br><br>　　　　　Defendants. | NO. C06-1932 TEH<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>PLAINTIFFS' MOTION FOR<br>ADMINISTRATIVE RELIEF |
| AND OTHER CASES AGAINST<br>ASTRAZENECA<br>PHARMACEUTICALS, L.P., et al. | NO. C06-0544 TEH<br>NO. C06-0555 TEH<br>NO. C06-2284 TEH<br>NO. C06-2907 TEH |

Through a motion for administrative relief filed in *Tucker v. AstraZeneca Pharmaceuticals, L.P.* (Case No. C06-1932 TEH), Plaintiffs in the above actions seek dismissal of their claims without prejudice.[1]  Defendants opposed the motion within the time allowed by Civil Local Rule 7-11(b), and Plaintiffs filed a reply brief that this Court need not but did consider. *See* Civ. L.R. 7-11(c) (providing that a motion for administrative relief is "deemed submitted for immediate determination without hearing on the day after the opposition is due," without providing for the filing of reply papers).  After carefully considering the parties' arguments and relevant law, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for the reasons discussed below.

First, on July 6, 2006, the Judicial Panel on Multidistrict Litigation issued an order transferring two of the above cases – *Massey v. AstraZeneca Pharmaceuticals, L.P.* (Case No. C06-0544 TEH) and *Dortch v. AstraZeneca Pharmaceuticals, L.P.* (Case No. C06-0555

---

[1] Plaintiffs cannot voluntarily dismiss their claims because Defendants have already answered the complaints.  Fed. R. Civ. P. 41(a).

1  TEH) – to the Middle District of Florida for coordinated or consolidated pretrial proceedings
2  as part of Multidistrict Litigation ("MDL") No. 1769, *In re Seroquel Products Liability*
3  *Litigation*.  The Middle District of Florida docketed the transfer order on July 10, 2006, Ex.
4  A to Defs.' Notice of Filing of Order Transferring Cases, thus making the transfer order
5  effective as of that date pursuant to 28 U.S.C. § 1407.  Accordingly, this Court lacks
6  jurisdiction to dismiss Plaintiffs' claims against AstraZeneca in *Massey* and *Dortch*, and
7  Plaintiffs' motion as to those two cases is therefore DENIED.  Denial is without prejudice to
8  Plaintiffs' requesting the same relief before Judge Anne C. Conway, who is presiding over
9  the MDL proceedings in Florida.
10          The remaining three cases – *Tucker*, *Fall v. Astrazeneca Pharmaceuticals, L.P.* (Case
11  No. C06-2284 TEH), and *Clark v. Astrazeneca Pharmaceuticals, L.P.* (Case No. C06-2907)
12  – have not yet been transferred to the MDL court, and this Court therefore retains jurisdiction
13  to consider Plaintiffs' motion.  When deciding whether to grant a plaintiff's motion for
14  voluntary dismissal, a court must consider "whether the defendant will suffer some plain
15  legal prejudice as a result of the dismissal.  Plain legal prejudice, however, does not result
16  simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains
17  some tactical advantage."  *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th
18  Cir. 1982) (citations omitted).  In this case, Defendants contend only that they may face
19  subsequent lawsuits that may be filed in state court to avoid transfer to the MDL
20  proceedings, and they fail to cite any authority for the proposition that these circumstances
21  constitute "plain legal prejudice."  To the contrary, in a case cited with approval by the Ninth
22  Circuit, the Tenth Circuit explained that "[t]he possibility that plaintiffs may gain a tactical
23  advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss
24  without prejudice, especially when state law is involved," as it is in this case.  *Am. Nat'l*
25  *Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (cited with
26  approval in *Wetlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir. 1996)); *but*
27  *cf. Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986)
28  (upholding the district court's denial of a motion to dismiss without prejudice based on a

2

finding that the plaintiff was forum shopping among judges in the same district).  Thus, Plaintiffs' motion for dismissal without prejudice in *Tucker*, *Fall*, and *Clark* is proper, and the Court GRANTS the motion as to those three cases.

Finally, Defendants urge the Court to place three conditions on any dismissals without prejudice of Plaintiffs' claims: (1) that any plaintiffs who re-file their claims must do so in federal court; (2) that such plaintiffs may not join any parties or amend their pleadings in any way that would defeat diversity jurisdiction; and (3) that such plaintiffs may not object to the transfer of their claims to MDL No. 1769.  However, Defendants cite no authority in support of any of these conditions, which would essentially guarantee that any re-filed cases end up in the MDL proceedings in Florida, and the Court does not find such restrictive conditions to be appropriate here.

In sum, for the reasons set forth above, Plaintiffs' administrative motion for dismissal without prejudice is DENIED as to *Massey* (Case No. C06-0544 TEH) and *Dortch* (Case No. C06-0555 TEH) but GRANTED as to *Tucker* (Case No. C06-1932 TEH), *Fall* (Case No. C06-2284 TEH), and *Clark* (Case No. C06-2907 TEH).  The Clerk shall close the latter three files.

**IT IS SO ORDERED.**

Dated:   07/26/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3